Judge MANNHEIMER,
concurring.
I write separately to supplement the lead opinion with regard to two issues.
The first issue arises from the way Morris frames his claim on appeal. As the lead opinion explains, Morris argues that the phrase "market value" is ambiguous, and that this phrase must therefore be given the interpretation most favorable to him-i.e., that "market value" must be construed as "wholesale value".
Morris describes this argument as a "sufficiency of the evidence" claim-but it is not. Morris's underlying claim is that the law needs to be clarified. Morris is essentially claiming that his jury was misinstructed, or at least misleadingly instructed, concerning the elements of second-degree theft-because the jurors were not instructed in accordance with Morris's proposed interpretation of "market value".
*1250 See the discussion of this point in Collins v. State, 977 P.2d 741, 748, 751-52 (Alaska App.1999).
Identifying the correct legal characterization of Morris's argument is important because, if Morris's claim were a true "sufficiency of the evidence" claim, then a ruling in Morris's favor would trigger double jeopardy consequences: it would result not only in reversal of the trial court's judgement, but also dismissal of the case against Morris.
But Morris's argument is really about the definition of the offense, and not the sufficiency of the evidence. Because of this, even if we had agreed with Morris about the interpretation of the statute, Morris would only have been entitled to a reversal of his conviction, and the State would have been allowed to re-try him.
I acknowledge that, if we had ruled that the determinative value of the parka was its wholesale cost, then, given the evidence in Morris's case (in particular, the uncontested evidence that the wholesale value of the parka was considerably less than $500), the State could hardly have hoped to successfully prosecute Morris for felony theft. But we must not let this fact obscure the legal principle involved here: the distinction between a true "insufficiency of the evidence" claim versus a claim that the verdict was based on an erroneous understanding of the law.
This brings me to the second issue: the sufficiency of the jury instructions in Morris's case.
Morris's jury was instructed that the value of the stolen parka was its "market value" at the time and place of the theft, but the jury did not receive any further instruction on the meaning of "market value". In particular, the jury was not apprised of the definition we describe in this opinion, and which we confirm today as the law of Alaska.
Morris's case is especially problematic because his attorney actually asked the trial judge to give the jury an instruction on "market value" that more or less tracked the definition we adopt in this opinion-and the trial judge refused.
One might therefore wonder whether Morris should be granted a new trial in front of a jury that is affirmatively instructed on the meaning of "market value". For three reasons, I conclude that the answer is "no'".
First, the legal meaning of "market value" does not differ greatly from its commonly understood meaning. In fact, the common-law definition of "market value" is simply a more refined version of its everyday meaning. For instance, Webster's New World College Dictionary defines "market value" as "the price that a commodity can be expected to bring when sold in a given market".[1]
Second, at Morris's trial, both parties litigated this case under the implicit assumption that the parka's "market value" was more or less accurately reflected by its retail price at the time of the theft.
The State presented evidence that 6th Avenue Outfitters was selling the Canada Goose parka for $660, and that two other authorized retailers were selling the same parka for $740. Morris, for his part, did not argue that the wholesale price was controlling, nor did he argue that the retail price of the parka was a misleading gauge of its market value, since the wholesale price was so much lower. Rather, Morris presented competing evidence as to the retail price-specifically, evidence that the same parka was selling on the Internet for $221. (As the lead opinion explains, the State presented rebutting evidence that this Internet retailer was not an authorized dealer, and that the parka being sold at this price was probably a counterfeit.)
And finally, Morris's defense to the theft charge did not involve the value of the parka.
During the State's summation at the end of the trial, the prosecutor only briefly mentioned the issue of value-arguing without elaboration that the market value of the stolen parka was the price at which 6th Avenue *1251 Outfitters offered it for sale on the day of the crime: $659.95.
Morris's attorney never disputed the market value of the stolen parka in his summation to the jury. Instead, the defense attorney focused exclusively on the assertion that Morris had not committed any theft at all-that he had been mistakenly identified as the man who stole the parka from 6th Avenue Outfitters.
For all of these reasons, I conclude that even if Morris's jury had received a more detailed instruction on the legal meaning of "market value", there is no reasonable possibility that the jury's verdict would have been different.

. Webster's New World College Dictionary (Fourth Edition, 2004), p. 880.